IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

CECILIA VASQUEZ,

    Plaintiff,

vs.

REJUVIMED WELLNESS CENTER PLLC,
a Florida Limited Liability Company, and
ALKA SINGH, an individual, jointly and severally,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, CECILIA VASQUEZ, sues Defendants, REJUVIMED WELLNESS CENTER PLLC and ALKA SINGH, and shows:

### Introduction

1.    This is an action by CECILIA VASQUEZ against her former employers for unpaid overtime wages pursuant to the Fair Labor Standards Act, and breach of contract pursuant to Florida common law. Plaintiff seeks damages, court costs, and a reasonable attorney's fee.

### Jurisdiction

2.    This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, and Florida common law. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1367(a).

3.    Defendant REJUVIMED WELLNESS CENTER PLLC's principal place of business is in Margate, Florida, making the Southern District of Florida the proper venue for this action.

1

**Parties**

4.      Plaintiff, CECILIA VASQUEZ (hereinafter "VASQUEZ"), a resident of Coral Springs, Florida, was, at all times material, employed by REJUVIMED WELLNESS CENTER PLLC as a medical assistant, was an employee as defined by 29 U.S.C. § 203(e), and during her employment with REJUVIMED WELLNESS CENTER PLLC, was engaged in commerce or in the production of goods for commerce. VASQUEZ regularly and consistently handled goods and materials that traveled in interstate commerce. VASQUEZ did not engage in any activities that made her an exempt employee and was in fact non-exempt as defined by the FLSA.

5.      Defendant, REJUVIMED WELLNESS CENTER PLLC (hereinafter, "REJUVIMED"), is a Florida Limited Liability Company with headquarters in Margate, Florida and does business throughout Broward County, Florida as a medical office providing medical care to patients. REJUVIMED is an enterprise engaged in an industry affecting commerce, and is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has two or more employees engaged in commerce or in the production of goods for commerce, including, but not limited to, employees who regularly and consistently use the phone and internet to communicate with out of state insurance companies, and process electronic transactions from patients for co-payments. REJUVIMED also has two or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

6.      Defendant ALKA SINGH (hereinafter, "SINGH"), upon information and belief, is a resident of and domiciled in Broward County, Florida.

7. At all times material to this Complaint, SINGH has managed and/or operated Defendant REJUVIMED and regularly exercised the authority to hire and fire its employees, determine the work schedules of employees, set the rate pay of employees, and controlled its finances and daily operations. SINGH did, in fact, hire Plaintiff, set Plaintiff's rate of pay, fired Plaintiff, and thus dictated the terms of Plaintiff's employment. By virtue of such control and authority, SINGH is an employer and/or joint employer of Plaintiff as defined by the FLSA, 29 U.S.C. §203(d).

## General Allegations

8. REJUVIMED and SINGH verbally offered VASQUEZ the position of medical assistant with an hourly rate of $18.00 per hour.

9. On August 23, 2022, VASQUEZ began employment with REJUVIMED and SINGH as a medical assistant, thereby accepting the Defendants' offer and creating a contract between the Parties.

10. VASQUEZ worked for Defendants from August 23, 2022 to on or about September 16, 2022.

11. VASQUEZ was appropriately paid by Defendants for the work she performed in August.

12. Beginning September 1, 2022, VASQUEZ continued to work for the Defendants up to on or about September 16, 2022 without being compensated for her work.

13. During that time, VASQUEZ worked approximately 88.3 hours without being compensated at all by Defendants. Approximately five of these hours were overtime hours in that they were hours worked in excess of 40 hours during one workweek.

14. Plaintiff was terminated on or about September 16, 2022.

15. As of September 28, 2022, Plaintiff still had not been paid for any work performed in September.

16. At that time, on September 28, Plaintiff sent Defendants a letter requesting to be paid under Florida and federal law for 88.3 hours of work.

17. Defendants responded through their attorney that they would only pay 72.3 hours of work. None of the hours paid were at an overtime rate.

18. Defendants, through a letter from their attorney, upon offering payment for only 72.3 hours of work, none of which included overtime hours, stated to Plaintiff that "[a]ll wages due and owing to you have been paid, and there has been no violation of either state or federal law."

19. Defendants, through their attorney, went on to state in that same letter, "[i]f you continue to pursue this matter, be advised that we will seek recovery of all attorneys' fees and costs incurred as a result."

20. Such a statement to an, at the time, pro se individual was a clear attempt to intimidate Plaintiff into not pursuing the remaining amounts she was due for the work she performed.

21. As such, Plaintiff had no choice but to bring this lawsuit to recover the remaining amounts owed to her.

22. All conditions precedent to this action have been performed or have been waived.

## Count I – Violation of the FLSA by REJUVIMED WELLNESS CENTER PLLC - Overtime

23. Plaintiff, CECILIA VASQUEZ, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 22 above.

24. Since on or about September 1, 2022, up to and including September 16, 2022, REJUVIMED willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed.

25. Specifically, VASQUEZ, during her employment, worked in excess of 40 hours for one week, but was not compensated for all overtime hours at one and one-half times her regular rate.

26. VASQUEZ requested payment from REJUVIMED for all hours worked, including her overtime hours, but was refused.

27. The failure to pay overtime compensation to VASQUEZ is unlawful in that she was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that she neither was a bona fide executive, administrative or professional employee.

28. VASQUEZ is entitled pursuant to 29 U.S.C. § 216(b), to recover from REJUVIMED:

    a. All unpaid overtime that is due;

    b. As liquidated damages, an amount equal to the unpaid overtime owed;

    c. The costs of this action;

    d. A reasonable attorney's fee; and

    e. Other such relief as this Court deems just.

WHEREFORE, Plaintiff, CECILIA VASQUEZ, prays that this Court will grant judgment against REJUVIMED WELLNESS CENTER PLLC:

    a.   awarding VASQUEZ payment of overtime compensation found by the Court to be due to her under the Act;

    b.   awarding VASQUEZ an additional equal amount as liquidated damages;

    c.   awarding VASQUEZ her costs, including a reasonable attorney's fee; and

    d.   granting such other and further relief as is just.

### Count II – Violation of the FLSA by ALKA SINGH - Overtime

29. Plaintiff, CECILIA VASQUEZ, realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 22 above.

30. Since on or about September 1, 2022, up to and including September 16, 2022, SINGH willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed.

31. Specifically, VASQUEZ, during her employment, worked in excess of 40 hours for one week, but was not compensated for all overtime hours at one and one-half times her regular rate.

32. VASQUEZ requested payment from SINGH for all hours worked, including her overtime hours, but was refused.

33. The failure to pay overtime compensation to VASQUEZ is unlawful in that she was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that she neither was a bona fide executive, administrative or professional employee.

34. VASQUEZ is entitled pursuant to 29 U.S.C. § 216(b), to recover from SINGH:

    f.   All unpaid overtime that is due;

      g.      As liquidated damages, an amount equal to the unpaid overtime owed;

      h.      The costs of this action;

      i.      A reasonable attorney's fee; and

      j.      Other such relief as this Court deems just.

WHEREFORE, Plaintiff, CECILIA VASQUEZ, prays that this Court will grant judgment against ALKA SINGH:

      a.      awarding VASQUEZ payment of overtime compensation found by the Court to be due to her under the Act;

      b.      awarding VASQUEZ an additional equal amount as liquidated damages;

      c.      awarding VASQUEZ her costs, including a reasonable attorney's fee; and

      d.      granting such other and further relief as is just.

## Count III – Breach of Contract by REJUVIMED WELLNESS CENTER PLLC – Unpaid Wages

35.     Plaintiff, VASQUEZ, realleges, as if fully set forth in Count III, the allegations of Paragraphs 1 through 22 above.

36.     In August of 2022, VASQUEZ was offered a position with REJUVIMED to provide her services as a medical assistant.

37.     VASQUEZ was promised an hourly rate of $18.00 for her time.

38.     VASQUEZ accepted this offer and rate of pay and began work for REJUVIMED, thereby forming a contract for her services.

39.     VASQUEZ worked for REJUVIMED from September 1, 2022 to on or about September 16, 2022 but received no compensation whatsoever for those days and the work performed.

40. When VASQUEZ demanded payment, REJUVIMED only paid VASQUEZ 72.3 of the 88.3 hours she worked and for which she was entitled to payment.

41. REJUVIMED breached the contract by failing to pay VASQUEZ the agreed upon wages for all her hours worked.

42. REJUVIMED's failure to pay VASQUEZ her wages owed has resulted in damages to VASQUEZ.

43. VASQUEZ is entitled to recover from Defendant REJUVIMED her unpaid wages, the costs of this action, and a reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Honorable Court:

   a. Enter judgment for CECILIA VASQUEZ and against REJUVIMED WELLNESS CENTER PLLC on the basis of its breach of contract;
   b. Award VASQUEZ actual and compensatory damages;
   c. Award VASQUEZ reasonable attorneys' fees and costs of suit; and
   d. Other such relief as this Court deems just.

### Count IV – Breach of Contract by ALKA SINGH – Unpaid Wages

44. Plaintiff, VASQUEZ, realleges, as if fully set forth in Count IV, the allegations of Paragraphs 1 through 22 above.

45. In August of 2022, VASQUEZ was offered a position with SINGH to provide her services as a medical assistant.

46. VASQUEZ was promised an hourly rate of $18.00 for her time.

47. VASQUEZ accepted this offer and rate of pay and began work for SINGH, thereby forming a contract for her services.

48. VASQUEZ worked for SINGH from September 1, 2022 to on or about September 16, 2022 but received no compensation whatsoever for those days and the work performed.

49. When VASQUEZ demanded payment, SINGH only paid VASQUEZ 72.3 of the 88.3 hours she worked and for which she was entitled to payment.

50. SINGH breached the contract by failing to pay VASQUEZ the agreed upon wages for all her hours worked.

51. SINGH's failure to pay VASQUEZ her wages owed has resulted in damages to VASQUEZ.

52. VASQUEZ is entitled to recover from Defendant SINGH her unpaid wages, the costs of this action, and a reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Honorable Court:

a. Enter judgment for CECILIA VASQUEZ and against ALKA SINGH on the basis of its breach of contract;

b. Award VASQUEZ actual and compensatory damages;

c. Award VASQUEZ reasonable attorneys' fees and costs of suit; and

d. Other such relief as this Court deems just.

## Jury Demand

Plaintiff demands trial by jury.

Dated: November 10, 2022
Plantation, Florida

Respectfully submitted,

/s/ *Robert S. Norell*
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: Rob@floridawagelaw.com
James A. Peterson, Esq. (Fla. Bar No. 645621)
E-Mail: James@floridawagelaw.com
ROBERT S. NORELL, P.A.
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
Counsel for CECILIA VASQUEZ